MERCANTILE TRUST CO. *v.* PORTLAND & OGDENSBURG R. CO.

*(Circuit Court, D. New Hampshire.* February 21, 1882.)

1. FORECLOSURE—NECESSARY PARTIES.

In a suit by the bondholders of a railroad company holding bonds secured by a first mortgage on a part of the road and a second mortgage on the rest of the road, and praying that an account be taken of the earnings received from the different parts of the road, and for payment of the amount due to the plaintiff, or, in default, for a foreclosure of the mortgage; and asking that a receiver be appointed, and for other relief,—the trustees of the second mortgage, under which the plaintiff claims, are necessary parties.

2. NON-RESIDENT PARTIES—APPEARANCE, HOW SECURED.

If they are residents of another state, the statute of 1875, c. 137, § 8, provides for summoning all such absent parties, where there is property within the jurisdiction upon which a lien is claimed.

3. MORTGAGE—PROVISIONS OF STATUTE PART OF THE CONTRACT.

Where a state statute provides for the rights and duties of trustees of a corporation, it relieves the parties from providing therefor in each mortgage executed under the laws of such state.

*J. W. Fellows, E. J. Phelps,* and *Noble & Smith,* for complainant.

*Mr. Haskell,* for defendant Anderson.

LOWELL, C. J. This case has been argued upon demurrer to the bill. The facts alleged are that the Portland & Ogdensburg Railroad Company exists by the authority of the states of Maine and New Hampshire; that in 1870 it mortgaged that part of its line which extends from Portland, in Maine, to Bartlett, in New Hampshire, to secure bonds for $800,000; that in 1871 it mortgaged the whole line, from Portland to the western line of New Hampshire, together with its rolling stock owned or which might thereafter be acquired, to G. T. Emery and two others, as trustees, to secure bonds for $3,000,000, and issued the bonds to the amount of $1,900,-000, of which the plaintiff holds $80,000, and sues for itself and others in like interest who may choose to come in and contribute to the expenses. This mortgage is the first, from Bartlett to the west-

ern line of the state, and the second, from Portland to Bartlett. The bill goes on to allege that interest has been paid regularly on the debt secured by the first mortgage, but that the payments have been made, in part, out of earnings which should have been devoted to the payment of the debt secured by the second mortgage, and no interest has been paid on that debt since May, 1876. It prays that an account may be taken of the earnings received for the different parts of the road; for payment of the amount due the plaintiff, or, in default, for a foreclosure; for a receiver, and for other relief.

I consider that cause of demurrer to be well assigned which objects that the trustees of the second mortgage under which the plaintiff claims have not been made parties. They may have good reasons to give why a receiver should not be appointed; to show why they have not taken possession of the road, if they have not; to see that all bondholders are protected, etc. The reasons for their being parties are many and familiar. It seems that they live in Maine; but the statute of 1875, *c.* 137, § 8, provides for summoning into the circuit court all such absent parties where there is property within the jurisdiction upon which a lien is claimed. It is argued that Judge Wheeler decided, in *Brooks* v. *Vermont C. R. Co.* 14 Blatchf. 463, that the bondholder could proceed without the trustees; but what he said was (page 466) that the bondholders could proceed, whether the trustees would or not, by making them defendants.

In *Mercantile Trust Co.* v. *Lamoille Valley R. Co.* 16 Blatchf. 324, the trustees were parties defendant, and the court merely decided, so far as the present case is concerned, that the bill need not allege a request to the trustees to foreclose, and their refusal.

Again, it is said that the mortgage imposes no duties upon the trustees, and invests them with no rights, but gives them merely the dry, legal title. But the bill alleges that the mortgage was made by virtue of the laws of Maine and New Hampshire, and the laws of Maine have a chapter devoted to this subject, which relieves the parties from the necessity of providing therefor in each mortgage.

The demurrer is sustained. The plaintiffs may amend within 60 days.

NOTE. The court may, in an order for appearance of a non-resident defendant, fix any day certain for his appearance, and is not limited to the usual rule-days in equity. *Forsyth* v. *Pierson*, 9 FED. REP. 801. Such order may be made upon a proper showing by affidavit alone, and a marshal's return "not found" in the district is not a condition precedent to the making of it.

Id.   Service of such order by the marshal or his deputy of the district whereof the non-resident defendant is an inhabitant, or where he is found, and the return thereof in the usual form or by affidavit, are sufficient.   Id.   See, as to service on non-resident corporation, *Parrott* v. *Alabama Gold Life Ins. Co.* 5 FED. REP. 391; *Pennoyer* v. *Neff*, 95 U. S. 714.—[ED.